UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| MICHELE STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CIVIL CASE NO.: |
| | ) |
| ARS NATIONAL SERVICES, INC, | ) |
| | ) |
|     Defendant. | ) |

_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

MICHELE STEWART (Plaintiff), through attorneys, KROHN & MOSS, LTD., allege the following against ARS NATIONAL SERVICES, INC, (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Baton Rouge, Louisiana.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with offices located in Escondido, California.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called on an almost daily basis, multiple times per day, for a period of weeks.

13. Defendant regularly contacted Plaintiff three to five times per day; specific non-inclusive examples are listed in paragraphs 14 to 16 below.

14. On May 18, 19, 23, 24, 25, and 26, 2011 Defendant contacted Plaintiff three (3) times.

15. On May 20, 2011 Defendant contacted Plaintiff four (4) times.

16. On May 16 and 17, 2011 Defendant contacted Plaintiff five (5) times.

17. Defendant contacted Plaintiff from its phone number (225) 341-8320.

18. Defendant failed to send written verification regarding the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse the Plaintiff;

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

   c. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, MICHELE STEWART, respectfully requests judgment be entered against Defendant, ARS NATIONAL SERVICES, INC, for the following:

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

by:  /s/ Kelli Denise Manyon
Kelli D. Mayon, Esq.
LA Bar No.: 32895
4429 Herrmann Street, Apt D
Metairie, LA 70006
kellimayon@gmail.com

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Ph:  (323) 988-2400; Fax: (866) 385-1408

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHELE STEWART, demands a jury trial in this case.

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF LOUISIANA

    Plaintiff, MICHELE STEWART, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

    Pursuant to 28 U.S.C. § 1746(2), I, MICHELE STEWART, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_8/15/11_
Date

_Michele Stewart_
MICHELE STEWART